# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JEREMY L. ANDERSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00618 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Jeremy L. Anderson, Pro Se Petitioner.*

Petitioner Jeremy L. Anderson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment order of the Halifax Circuit Court entered January 6, 2020, under which he was sentenced for several offenses, including robbery with a gun. Upon review of the petition and of the state court information available online, I conclude that the § 2254 petition must be summarily dismissed without prejudice, because Anderson has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of claims throughout the state court system up to the highest state court

with jurisdiction to consider the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requirement may be met through a direct appeal from the conviction, or for issues regarding ineffective assistance of counsel, by a direct appeal of a state habeas petition from the circuit court to the Supreme Court of Virginia, or by filing a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court on the merits before a federal district court can consider those claims on the merits under § 2254.

In Anderson's petition, he states that he appealed from his judgment of conviction but withdrew the appeal because his lawyer told him the appeal would "do no good." State court records available online support this statement, showing that Anderson withdrew his appeal from the Court of Appeals on May 7, 2020. There is no record of any filing by Anderson in the Supreme Court of Virginia, either as an appeal or as a habeas corpus petition.

Anderson also advises that he filed a post-trial motion in the Halifax Circuit Court on April 27, 2020, seeking reconsideration of his sentence, but states he has gotten no response to this motion. The Circuit Court no longer had jurisdiction to consider that motion in April 2020, however, because at that time the case was in

the jurisdiction of the Court of Appeals. *See* Rule 1:1B, Rules of the Sup. Ct. of Va. Finally, the motion to reconsider his sentence was not a state habeas petition, nor was it appealed to the Supreme Court of Virginia.

The ineffective assistance of counsel claim raised by Anderson must be presented to the state's highest court for consideration before the federal court may address the issue. The time for bringing the matter before the state court by way of a habeas petition has not yet expired, as the state's statute of limitations is two years from the date of final judgment in the trial court. Va. Code § 8.01-654(A)(2). When a litigant files a petition in federal court while he still has available court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

A separate Final Order will be entered herewith.

DATED: December 20, 2021

/s/  JAMES P. JONES
Senior United States District Judge